IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BBVA SECURITIES OF PUERTO RICO, INC.,

**Plaintiff**

v.

TERESITA CINTRON,

**Defendant**

**CIVIL NO.** 10-1927 (JAG)

**MEMORANDUM AND ORDER**

Before the Court is Defendant Teresita Cintron's Motion to Dismiss Plaintiff BBVA's petition to vacate an arbitration award handed by a Financial Industry Regulatory Authority (hereinafter "FINRA") arbitration panel. Defendant Teresita Cintron, (hereinafter "Cintron"), argues that this Court is without jurisdiction to entertain Plaintiff BBVA's petition. Fed. R. Civ. P. 12(b)(1).

In its complaint, Plaintiff BBVA asserts jurisdiction under the Federal Arbitration Act (hereinafter "FAA"), 9 U.S.C. §§ 10-11. Defendant Cintron asserts that the FAA does not create an independent source of federal subject matter jurisdiction. Plaintiff BBVA, in its opposition to Cintron's Motion to Dismiss, relies on Vaden v. Discover Bank, 129 S. Ct. 1262 (2009), for the proposition that the Supreme Court therein

signalled a more "expansive interpretation on the reach of federal jurisdiction under the FAA[.]" than had previously been held in Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1 (1983). Plaintiff BBVA goes on to argue that according to Oklahoma City Assoc. v. Wal-Mart Stores, Inc., 923 F.2d 791 (10th Cir. 1994), Section 9 of the FAA creates subject matter jurisdiction for federal courts in narrow circumstances where a party seeks confirmation of an award. Since Section 9 of the FAA is intricately related to Section 10 of the FAA, the argument follows, the Court here has jurisdiction to confirm, as well as vacate the award under 9 U.S.C. § 10.

Section 9 of the FAA applies only when the parties to a dispute have previously agreed to submit their quarrels to arbitration. 9 U.S.C. § 9.[1] Plaintiff vehemently denies that the parties to this action have entered an arbitration agreement; Defendant does not dispute this fact. Though this would be enough to defeat Defendant's jurisdictional premise, the Court further notes that the Supreme Court has employed broad and categorical language to reject the notion that the FAA, or any one of its sections, creates an independent basis for subject matter jurisdiction. Vaden v. Discover, 129 S. Ct. 1262, 1271-1272 (2009)(The FAA does not provide for federal jurisdiction,

---

[1] "If the parties in their *agreement* have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration… If no court is specified in the *agreement* of the parties…" 9 U.S.C. § 9.

but instead requires an independent jurisdictional basis for access to federal courts); Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 26 n. 32 (1983)(Though the FAA creates a body of federal law for courts to assist litigants in enforcing arbitration agreements, it creates no independent federal question jurisdiction).

The Court remains unpersuaded by Plaintiff's selective quoting of Oklahoma City Assoc. v. Wal-Mart Stores, Inc., 923 F.2d 791 (10th Cir. 1994), in which the Tenth Circuit opines that Section 9 of the FAA creates jurisdiction to hear reviews of arbitration awards where parties have agreed to bestow that power upon the courts in a contract. That case is also unequivocal in upholding the tenet that the FAA does not create an independent source federal jurisdiction, and litigants must therefore assert jurisdiction on other grounds:

> When the FAA was enacted in 1925, the question arose whether the FAA alone can confer subject matter jurisdiction on the federal courts without an independent jurisdictional basis. This issue was settled in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942, n. 32, 74 L.Ed.2d 765 (1983), in which the Supreme Court held that the FAA requires an independent basis for subject matter jurisdiction, such as 28 U.S.C. § 1331 federal question or 28 U.S.C. § 1332 diversity of citizenship jurisdiction.

Wal-Mart Stores Inc., 923 F.2d at 793.

Faced with the demise of its claims due to this jurisdictional defect, Plaintiff argues in its opposition to Defendant's motion to dismiss that this action indeed arises under the laws of the United States in that it involves federal securities laws. (Docket No. 11, p. 7). After being served with the Motion to Dismiss now before this Court, Plaintiff filed an amended complaint without prior leave of Court, in violation of Fed. R. Civ. P. 15(a)(2), in an attempt to develop the jurisdictional argument of federal question jurisdiction proffered for the first time in its opposition to the motion to dismiss.(Docket No. 12, p. 4-5).

Plaintiff's amended complaint is a fine example of artful pleading that does not satisfy the well pleaded complaint threshold for access to federal forums. Plaintiff avers that that since it was a FINRA panel who handed the award, and FINRA rules are enacted under the oversight of the Securities and Exchange Commission, it follows that this Court has jurisdiction under 15 U.S.C. § 78aa.[2]

The Court will not indulge in Plaintiff's argument. The question before the Court is whether there is jurisdiction to

---

[2] The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. 15 U.S.C. § 78aa.

vacate an arbitration award. Whether there have been violations to *SEC* rules is immaterial. Purported violations to the rules of a private organization, in this case FINRA, are even farther off the scope of our inquiry. The Court is without jurisdiction to hear this suit.

## CONCLUSION

For all the reasons detailed herein, the Court hereby **GRANTS** Defendant's Motion to Dismiss' under Fed. R. Civ. P. 12(b)(1). Plaintiff's claims are dismissed without prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of August, 2011.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge