IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BBVA SECURITIES OF PUERTO RICO,<br><br>**Petitioner**<br><br>v.<br><br>TERESITA CINTRON,<br><br>**Respondent.** | CIVIL NO. 10-1927 (JAG) |

**OPINION AND ORDER**

Pending before the Court is petitioner BBVA Securities of Puerto Rico's (BBVA) motion for reconsideration. (Docket No. 24). BBVA petitions the Court to reconsider the dismissal of this proceeding for lack of subject matter jurisdiction. For the reasons stated below, the Court reaffirms its previous decision and accordingly DENIES BBVA's motion for reconsideration.

**STANDARD OF LAW**

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. See e.g., Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Since federal courts have limited jurisdiction, the party asserting jurisdiction has

the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case." See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002).

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)(internal citations omitted). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. V. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**ANALYSIS**

We start by noting that BBVA got off on the wrong foot in filing a complaint to initiate this proceeding. Pursuant to the Federal Arbitration Act (FAA), a party may not "initiate a challenge to an arbitration award by filing a complaint." O.R. Securities, Inc. v. Professional Planning Associates, Inc., 857 F.2d 742, 745 (11th Cir. 1988); see also 9 U.S.C. § 6 ("Any application to the court [under the FAA] shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). The FAA sets forth the sole method by which an aggrieved party may challenge an arbitration award; to do so, the party must serve a "motion to vacate within three months of the rendering of the award." Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986); 9 U.S.C. § 12.

To this date, petitioner has not filed a motion to vacate an arbitration award. However, given that respondent Teresita Cintrón ("Cintrón") has not raised this argument nor claimed any prejudice, the Court will construe BBVA's pleading as a motion to vacate the arbitration award. See National Cas. Co. v. First State Ins. Group, 430 F.3d 492, 496 n.3 (1st Cir. 2005)(stating that the district court acted properly in treating a complaint as a request for vacatur under the FAA, especially where the

misnomer issue was not raised by the parties). To do otherwise would be to choose form over substance.

Leave to Amend

In its motion for reconsideration, petitioner argues that its "amended complaint" was timely filed pursuant to Fed. R. Civ. P. 15. Because we consider plaintiff's complaint a motion for vacatur, we must cast their argument in the language of the FAA. To the Court's knowledge, the First Circuit has not addressed the issue of what standard governs amendments to motions to vacate, or whether such amendments are even allowed.

In arbitration proceedings pursuant to the FAA, the Rules of Civil Procedure "apply only to the extent that matters of procedure are not provided for [in the FAA]." Fed. R. Civ. P. 81(a)(3). But, the FAA is silent concerning amendments to timely motions to vacate. Additionally, though Rule 15 concerns 'pleadings' rather than 'motions,' see Fed. R. Civ. P. 7, a motion to vacate has been considered analogous to a pleading for purposes of Rule 15. See Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988). On these two bases, the Eleventh Circuit found that motions to vacate arbitration awards could be amended through Fed. R. Civ. P. 15. See Bonar, 835 F.2d at 1382. The Court finds the Eleventh Circuit's reasoning persuasive and sees no reason to hold otherwise. Thus, we will

apply the Rules of Civil Procedure to BBVA's request to amend their complaint.

Pursuant to Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). On November 5, 2010, defendant served a Rule 12(b) motion on plaintiff. (Docket No. 10). Ten days later, plaintiff filed its amended complaint. (Docket No. 12). Therefore, since the amendment came before twenty one days had elapsed, plaintiff was entitled to amend his filing without first seeking leave of court. Accordingly, the Court should have considered the amended request for vacatur in issuing its Memorandum and Order dismissing this proceeding. However, as discussed below, BBVA's amended motion still fails to confer this Court with subject matter jurisdiction.

Subject Matter Jurisdiction

The Court dismissed this case on grounds that the original complaint only specified the FAA as the source of this Court's jurisdiction. And it is black letter law that the FAA does not create an independent source of subject matter jurisdiction. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983). This finding is not in dispute. As a result, for this Court to entertain BBVA's motion to vacate there must be another basis for jurisdiction, such as diversity of citizenship or some

federal question that is independent from the FAA. See Moses H. Cone, 460 U.S. at 25 n. 32.

BBVA asserts that its amended filing added the necessary source of federal jurisdiction under 28 U.S.C. § 1331. Specifically, BBVA contends that FINRA did not have jurisdiction to issue the award because respondent Cintrón was not a "customer" under the applicable FINRA regulations. Since FINRA "creates and enforces rules for members based on the federal securities laws," BBVA argues, the question of whether Cintrón was a "customer" is a matter arising under a law of the United States.[1] (Docket No. 24, ¶ 24).

28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For a given case or controversy to "arise under" the laws of the United States, it must meet the well-pleaded complaint rule. To

---

[1] Some courts agree with our previous intimation on this matter, in that "a breach of NASD [FINRA's predecessor] rules is simply a breach of a private association's rules, although that association is one which is closely related to the SEC." Lange v. H. Hentz & Co., 418 F.Supp. 1376, 1380 (D.C.Tex. 1976); see also Ford v. Hamilton Investments, Inc., 29 F.3d 255, 259 (6th Cir. 1994); Apollo Prop. Partners, LLC v. Newedge Fin., Inc., No. H-08-1803, 2009 WL 778108 (S.D.Tex. Mar. 20, 2009); but see Sparta Surgical Corp. v. National Association of Securities Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998). However, we stop short of this analysis because, as discussed below, BBVA invokes federal jurisdiction only as a defense to Cintrón's complaint in the arbitration proceedings.

do so, "*the plaintiff's* well-pleaded complaint must exhibit, within its four corners, either an explicit federal *cause of action* or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. Of Environmental Management, 585 F.3d 42, 48 (1st Cir. 2009) (our emphasis). Stated another way, federal question jurisdiction exists "only when the plaintiff's statement *of his own cause of action* shows that it is based on [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (our emphasis) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Consequently, federal question jurisdiction "cannot be predicated on an actual or anticipated defense," Id., nor on an actual or anticipated counterclaim. Vaden v. Discover Bank, 556 U.S. at 60 (citing Holmes Group Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002)).

In the amended motion to vacate, BBVA affirmatively alleges that Cintrón did not have any accounts with BBVA, and that she could not bring forth any evidence of a traditional customer relationship with BBVA. (Docket No. 12, p. 36). Thus, BBVA argues that Cintrón could not invoke FINRA's jurisdiction because she was not a "customer" as defined by the FINRA customer code. (Id.). Therein lies the flaw: BBVA appears to

equate a defense based on federal law, raised against Cintrón's petition to arbitrate, with a federal cause of action.[2] Notwithstanding the fact that it was encapsulated in an erroneously-termed complaint, the Court finds that BBVA's argument remains a defense because its purpose is to enable BBVA to evade Cintrón's petition for arbitration. See Gilbert v. Eli Lilly & Co. Inc., 56 F.R.D. 116, 123-24 (D.P.R. 1972). Since BBVA's motion offers no other independent cause of action predicated on federal law, the Court lacks jurisdiction to entertain their motion to vacate.

Even if we were to "look through" BBVA's motion and assess whether Cintrón's petition to arbitrate presents a federal question, as the Supreme Court did in Vaden in the context of a § 4 motion to compel, the result would not change.

As BBVA's amended motion states, the claim raised by respondent Cintrón in the arbitration related to a loan agreement. (Docket No. 12, p. 27). Cintrón's petition simply

---

[2] Courts have distinguished between negative and affirmative defenses. See Gilbert v. Eli Lilly & Co. Inc., 56 F.R.D. 116, 123-24 (D.P.R. 1972). The former "tends to disprove one or all of the elements of a complaint." Id. The latter "is properly concerned with the pleading of a matter not within the plaintiff's prima facie case, that is, pleading matter to avoid plaintiff's cause of action." Id. It suffices here that BBVA's argument is properly characterized as a defense, either negative or affirmative, since both have been foreclosed as possible bases for federal question jurisdiction. See Vaden, 556 U.S. at 60.

states that BBVA had "violated several dispositions of law" relating to breaches of fiduciary duty. (Docket 1-1, p. 6). Neither Cintrón's petition nor the arbitration award refers to a state or federal statute. (See Id.; Docket No. 1-12). BBVA itself confirms this view. According to BBVA, Cintrón's claims were based on the misguided recommendation of the

> purchase of a security that is unsuitable given her age, financial situation, investment objectives, and investment experience; failure to disclose material facts concerning an investment; a guarantee to her that she would not lose money on the transaction; use of manipulative, deceptive and fraudulent devices to effect the transaction and induce a purchase of an investment in a sell away transaction of a broker's outside business activity; violation of fiduciary duties; and failure to maintain proper and efficient supervision and internal controls of the investments, allowing the outside business activity in which a former representative of BBVA Securities, Ramis, was involved, allegedly causing her substantial monetary losses.

As is evident, most of Cintrón's claims sound in contract, which is a topic that generally falls under the province of state law. Furthermore, there is no indication that within these claims are embedded substantial questions of federal law. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005). And as to the remaining claim – that of the alleged failure to supervise the investments – it is unclear whether that claim arises under a federal law, and if it

does, whether it provides a private cause of action. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 & n. 12 (1986)(unless statute confers private cause of action, courts should presume that Congress did not intend it to confer federal jurisdiction).

For these reasons, the Court finds that BBVA has failed to carry its burden of showing that a federal question arises from either its motion to vacate or Cintrón's petition for arbitration. Consequently, the Court lacks jurisdiction to entertain BBVA's motion.

## CONCLUSION

For the foregoing reasons, the Court finds no reason to reconsider its previous dismissal for lack of subject matter jurisdiction. BBVA's motion to reconsider is hereby DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of June, 2012.

                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge